UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| C. YVONNE HILL, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>NANCY A. BERRYHILL, )<br>Deputy Commissioner of Operations, )<br>Social Security Administration, )<br>)<br>Defendant. ) | Case No. 1:17-CV-62-SNLJ |

## MEMORANDUM AND ORDER

The Social Security Administration denied plaintiff Yvonne Hill's application for Disability Insurance Benefits under Title II of the Social Security Act. Hill now seeks judicial review (#13). The defendant opposes the motion (#18), and the issue is ripe. The defendant's decision is supported by substantial evidence on the record as a whole and is affirmed.

### I. Procedural History

Hill filed an application for disability insurance benefits on July 7, 2014, alleging that her disability began on July 1, 2014. Her claim was initially denied on September 3. She requested a hearing before an Administrative Law Judge ("ALJ") and appeared for a hearing before the ALJ on March 3, 2016. In the ALJ's April 5, 2016 decision, the ALJ concluded that plaintiff had severe impairments of lumbar and cervical spine degenerative disc disease, a history of cervical fusion surgery, obesity, fibromyalgia, and diabetes with peripheral neuropathy. However, the ALJ concluded that plaintiff was not

1

disabled. The Appeals Council denied review on March 17, 2017. Thus, the ALJ's April 5, 2016 decision is subject to judicial review under 42 U.S.C. §§ 405(g) and 1383(c)(3).

## II. Disability Determination—Five Steps

A claimant is disabled if unable to "engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than 12 months . . . ." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). A claimant is disabled if he is "not only unable to do his previous work but cannot, considering his age, education and work experience engage in any other kind of substantial gainful work which exists . . . in significant numbers either in the region where such individual lives or in several regions of the country." *Id.* § 1382c(a)(3)(B).

The Commissioner follows a five-step sequential evaluation process when evaluating whether a claimant has a disability. 20 C.F.R. § 416.920; *Kirby v. Astrue*, 500 F.3d 705, 707 (8th Cir. 2007). First, the Commissioner considers a claimant's work activity. If the claimant is engaged in substantial gainful activity, the claimant is not disabled. 20 C.F.R. § 416.920(a)(4)(i).

Second, if the claimant is not engaged in substantial gainful activity, the Commissioner looks to see "whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities." *Dixon v. Barnhart*, 343 F.3d 602, 605 (8th Cir. 2003). "An impairment is not severe if it amounts only to a slight abnormality that would not significantly limit the

2

claimant's physical or mental ability to do basic work activities." *Kirby*, 500 F.3d at 707; *see also* 20 C.F.R. §§ 416.920(c), 416.921(a).

Third, if the claimant has a severe impairment, the Commissioner considers the impairment's medical severity. If the impairment meets or equals one of the presumptively disabling impairments listed in the regulations, the claimant is considered disabled, regardless of age, education, and work experience. 20 C.F.R. §§ 416.920(a)(4)(iii), 416.920(d); *Kelley v. Callahan*, 133 F.3d 583, 588 (8th Cir. 1998).

Fourth, if the claimant's impairment is severe, but it does not meet or equal one of the presumptively disabling impairments, the Commissioner assesses the claimant's residual functional capacity ("RFC") to determine the claimant's ability to perform his or her past relevant work. 20 C.F.R. §§ 416.920(a)(4)(iv), 416.945(a)(4). "RFC is a medical question defined wholly in terms of the claimant's physical ability to perform exertional tasks or, in other words, what the claimant can still do despite his or her physical or mental limitations." *Lewis v. Barnhart*, 353 F.3d 642, 646 (8th Cir. 2003) (internal quotations omitted); *see also* 20 C.F.R. § 416.945(a)(1). If a claimant retains the RFC to perform past relevant work, he or she is not disabled. 20 C.F.R. § 416.920(a)(4)(iv).

Fifth, if the claimant's RFC does not allow the claimant to perform past relevant work, the burden to show that the claimant maintains the RFC to perform work that exists in significant numbers in the national economy shifts to the Commissioner. *See Bladow v. Apfel*, 205 F.3d 356, 358–59 n.5 (8th Cir. 2000); *Eichelberger v. Barnhart*, 390 F.3d 584, 591 (8th Cir. 2004); 20 C.F.R. § 416.920(a)(4)(v). If the claimant can make an

adjustment to other work that exists in significant numbers in the national economy, the Commissioner finds the claimant not disabled. If the claimant cannot make an adjustment to other work, the Commissioner finds the claimant disabled. 20 C.F.R. § 416.920(a)(4)(v). At Step Five, even though the burden of production shifts to the Commissioner, the burden of persuasion to prove disability remains on the claimant. *Stormo v. Barnhart*, 377 F.3d 801, 806 (8th Cir. 2004).

**III.    The ALJ's Decision**

At Step One, the ALJ found that plaintiff met the insured status requirements through December 31, 2018, and had not engaged in substantial gainful activity since July 1, 2014. At Step Two, the ALJ found that plaintiff suffers from several severe physical impairments: lumbar and cervical spine degenerative disc disease, a history of cervical fusion surgery, obesity, fibromyalgia, and diabetes with peripheral neuropathy. At Step Three, the ALJ concluded that plaintiff does not have an impairment that meets or equals one of the presumptively disabling impairments listed in the regulations.

Next, the ALJ assessed plaintiff Hill's RFC. The ALJ found that Hill

> has the residual functional capacity to perform sedentary work as defined in 20 C.F.R. 404.1567(a) except the following: the claimant is limited to occasional overhead reaching bilaterally.

(Tr. 22). At Step Four, the ALJ found that Hill is capable of performing past relevant work as an administrative assistant and as a customer service representative. Because plaintiff was able to perform past relevant work, the ALJ did not move on to Step Five, and the ALJ found plaintiff was not disabled.

4

**IV. Standard of Review**

The Court must affirm the Commissioner's decision if the decision is supported by substantial evidence on the record as a whole. 42 U.S.C. § 405(g); *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Estes v. Barnhart*, 275 F.3d 722, 724 (8th Cir. 2002). Substantial evidence is less than a preponderance of the evidence but enough that a reasonable person would find it adequate to support the conclusion. *Johnson v. Apfel*, 240 F.3d 1145, 1147 (8th Cir. 2001). This "substantial evidence test," however, is "more than a mere search of the record for evidence supporting the [Commissioner's] findings." *Roberts v. Astrue*, 498 F.3d 767, 770 (8th Cir. 2007) (alteration in original) (*quoting Gavin v. Heckler*, 811 F.2d 1195, 1199 (8th Cir. 1987)). The Court must also consider any evidence that fairly detracts from the Commissioner's decision. *Id.* "[I]f there is substantial evidence on the record as a whole, [the Court] must affirm the administrative decision, even if the record could also have supported an opposite decision." *Weikert v. Sullivan*, 977 F.2d 1249, 1252 (8th Cir. 1992).

**V. Discussion**

Hill claims the ALJ committed two errors. First, she claims the ALJ improperly assessed the combination of plaintiff's impairments. Second, she claims the ALJ improperly formulated her residual functional capacity ("RFC"). Each claim is discussed in turn below.

    **A. Plaintiff's Impairments**

Plaintiff worked as an administrative assistant to a high school principal for many years before her disability allegedly prevented her from working on July 1, 2014.

Plaintiff is morbidly obese at 5'2" tall and weighing 270 pounds. She has had two back surgeries, two knee surgeries, and more recently had a cervical fusion in an effort to treat her back pain. When the cervical fusion did not relieve her pain, she had an neurostimulator implanted and was diagnosed with complex chronic pain syndrome. She also had an MRI of her cervical spine showing degenerative disc disease.

In addition, plaintiff has been diagnosed with bilateral Achilles tendinitis and trigger fingers, and her obesity exacerbates the following impairments: dyspnea, COPD, sleep apnea, asthma, and chronic hypertension.

Plaintiff has also been diagnosed with fibromyalgia.

Plaintiff argues that the ALJ "failed to assess the combination of plaintiff's impairments and ignored the non-exertional limitations associated with [her] fibromyalgia." (#13 at 3.) Indeed, although the ALJ acknowledged plaintiff's fibromyalgia, he concluded that plaintiff's impairments did not meet or equal the criteria of an impairment listed in Section 1 of the appropriate Regulations. Plaintiff faults the ALJ for failing to address certain symptoms, signs, and associated conditions including history of widespread pain, "11 of 18 specific tender points," cognitive dysfunction, irritable bowel syndrome, muscle pain and weakness, frequent severe headaches, and others. (*See* #13 at 7.) Plaintiff thus requests that her case be remanded in order to properly assess the combination of plaintiff's impairments and her fibromyalgia.

The ALJ may decline to credit a claimant's subjective complaints if the evidence as a whole is inconsistent with the claimant's testimony. *Julin v. Colvin*, 826 F.3d 1082, 1086 (8th Cir. 2016). In making such an assessment,

> When evaluating the claimant's subjective complaints, the ALJ must consider all of the evidence, including objective medical evidence, the claimant's work history, and evidence relating to the *Polaski* factors: (i) the claimant's daily activities; (ii) the duration, frequency, and intensity of the claimant's pain; (iii) precipitating and aggravating factors; (iv) the dosage, effectiveness, and side effects of medication; and (v) the claimant's functional restrictions.

*Id.* (citing *Polaski v. Heckler*, 739 F.2d 1320, 1322 (8th Cir. 1984)). However, ALJs "need not explicitly discuss each *Polaski* factor." *Goff v. Barnhart*, 421 F.3d 785, 791 (8th Cir. 2005).

Here, the ALJ identified several factors that were inconsistent with plaintiff's allegations of disability. First, the ALJ concluded that plaintiff's activities of daily living were inconsistent with her allegations of disabling-level physical impairments. (Tr. 23.)

> With regard to functional limitations, the claimant alleged her impairments have negatively affected her ability to lift, squat, bend, stand, walk, sit, kneel, climb stairs, compete tasks, concentrate, and get along with others. Despite these allegations, she stated that she was able to perform household chores, maintain social relationships, complete shopping errands, and drive an automobile.

(Tr. 23.) As the ALJ noted, driving an automobile requires significant mental and physical capabilities. (Tr. 23.) "Performance of activities such as these tends to erode the claimant's persuasiveness, as it relates to disabling allegations, and further supports the finding that she can perform a range of sedentary work tasks and activities." (Tr. 23-24.) Notably, at an October 2014 examination --- three months after declaring herself

7

unable to work --- plaintiff reported to her physician that she was "functional," enjoying retirement, fishing, and camping. At the same time, the plaintiff reported to her physician that she was experiencing "10/10 pain" despite her description of her activities. (Tr. 414.)

Second, the ALJ concluded that the plaintiff's condition improved with treatment. Plaintiff's brief emphasizes that the ALJ was "wrong" to conclude that plaintiff had become "pain free" since implantation of her neurostimulator and pain pump. (#13 at 4.) However, the ALJ cites to plaintiff's hearing testimony, during which she stated she was no longer in pain as a result of the neurostimulator. (Tr. 48.) Her medical records also indicate that treatments for her pain and other conditions were effective. Where an impairment such as pain can be controlled by treatment or medication, it is not disabling. *Cypress v. Colvin*, 807 F.3d 948, 951 (8th Cir. 2015); *Turpin v. Colvin*, 750 F.3d 989, 993 (8th Cir. 2014). The ALJ appears to have considered plaintiff's impairments and concluded, with support, that her conditions had improved with treatment. For example, plaintiff testified that her gout was under control with medication (Tr. 49). Further, the ALJ asked plaintiff why she had concentration problems and made mistakes during her last two years of employment; plaintiff testified that it was because she had been in pain --- she testified that "I did not have the neurostimulator and I was having to take Benoflaxin as well as the Gabapentin. My Gabapentin was doubled from what it is now." (Tr. 54.) Plaintiff's own testimony supports that her conditions had improved.

Third, the ALJ considered the medical record and concluded that it did not support plaintiff's allegations of disabling level medical impairments. Plaintiff frequently denied

having pain at her medical examinations. (Tr. 422, 425, 477, 483.) Her providers consistently indicated that her conditions were improving; as the ALJ stated, "numerous examination results described by her treating physicians do not include a description of severe pain and range of motion limits." (Tr. 25 citing Tr. 422, 425, 480.)

Plaintiff's subjective complaints are also belied by her repeated testimony that she has had back pain for thirty years, neck pain since 2001, and fibromyalgia since 2011. Plaintiff worked for years with those impairments, which have, according to the medical record and plaintiff's own testimony, improved with medication and implantation of the neurostimulator. The fact that plaintiff worked for years with her impairments show that her conditions were not disabling. *Goff*, 421 F.3d at 792-93.

It is apparent from the ALJ's decision that he considered all of plaintiff's conditions and complaints, including her fibromyalgia diagnosis. Although plaintiff enumerates her many medical conditions, the ALJ concluded that the persuasiveness of plaintiff's allegations was weakened by plaintiff's own inconsistent information and the objective medical evidence contained in the record. (Tr. 25.) In addition, many of plaintiff's allegations involve conditions related to plaintiff's obesity, which the ALJ found to be a "major factor, which reduced her residual functional capacity to the sedentary exertional level." (*Id.*) The ALJ further stated that plaintiff's treating physicians continually instructed plaintiff on diet, exercise, and the important of weight loss, "which they believed could have improved her condition, if she followed their advice." (*Id.*)

9

The ALJ thoroughly considered the medical record and plaintiff's testimony in concluding that plaintiff's "severe impairments," even in combination, did not meet the criteria of any listed impairments described in Appendix 1 of the Regulations (20 C.F.R., Subpart P, Appx. 1). (Tr. 22.)

B. **Plaintiff's Residual Functional Capacity**

The ALJ found that plaintiff has the residual functional capacity, or RFC, to perform sedentary work as defined in 20 C.F.R. 404.1567(a), except she is limited to occasional overhead reaching bilaterally. Plaintiff contends that the ALJ's assessment of her RFC is not supported by substantial evidence.

Plaintiff does not offer any specific reasons why the ALJ's RFC assessment was wrong. She appears to base her argument on the vocational expert's testimony during which the ALJ provided the expert with a hypothetical individual the same age, education, work history, and background who was limited to work at the sedentary level and no more than occasional overhead reaching. The ALJ asked whether it would be acceptable if that individual needed to take 10-15 minute walk breaks for every 15-20 minutes of computer work. The vocational expert responded "That would rule out competitive employment." (Tr. 56.) Plaintiff does not offer further analysis of the vocational expert's testimony nor the ALJ's treatment of it. The ALJ had, at that time, already provided the expert with the applicable RFC for the hypothetical, so, to the extent the plaintiff is arguing that the ALJ wrongly determined plaintiff's RFC based on the expert's testimony, plaintiff's argument lacks merit. The ALJ also asked the expert whether the hypothetical individual with plaintiff's RFC could perform any of plaintiff's

10

past work. The expert responded that "the administrative assistant and the customer service representative would remain." (Tr. 55.)

Plaintiff also cites to affidavits filed by her former employers, which state that plaintiff could not work without substantial accommodations. However, the letters highlight the non-sedentary physical activities her job required such as filling soda machines and carrying heavy bank deposits. In addition, the ALJ stated that he had considered the opinions but that "they are generally given little weight with respect to assessing the claimant's current functional limitations because of their high degree of subjectivity, and their lack of medically acceptable standards." (Tr. 25.) Plaintiff's reliance on the layperson letters is confusing in light of the law she subsequently quotes: "some medical evidence…must support the determination of the claimant's RFC" and that the ALJ is "required to consider at least some supporting evidence from a professional." (#13 at 11 (quoting *Nevland v. Apfel*, 204 F.3d 853, 858 (8th Cir. 2000) (internal quotation omitted)).)

The ALJ here relied on substantial medical evidence to arrive at his conclusion regarding plaintiff's RFC. ALJs need not support their RFC findings with a specific medical opinion. *Hensley v. Colvin*, 829 F.3d 926, 932 (8th Cir. 2016). Rather, an ALJ is required to consider medical opinions together with all the relevant evidence. *See* 20 C.F.R. §§ 404.1527(b) and 416.927(b). Here, the ALJ properly considered the record as a whole in formulating plaintiff's RFC, including plaintiff's reported activities, the effects of treatment, and the medical evidence. As discussed above, the ALJ determined that plaintiff's inconsistent statements, together with the record as a whole, showed that

11

plaintiff was not disabled. The ALJ did determine that plaintiff was --- based on that evidence --- limited to sedentary work with limited overhead reaching, but her impairments did not rise to the level of a "listed" impairment.

## VI. Conclusion

The ALJ's decision is supported by substantial evidence on the record as a whole. The Court thus affirms the decision of the ALJ.

Accordingly,

**IT IS HEREBY ORDERED** that the Commissioner's decision is affirmed.

So ordered this  14th  day of June, 2018.

_____
STEPHEN N. LIMBAUGH, JR.
UNITED STATES DISTRICT JUDGE